1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF DELAWARE

KELLY RODRIGUEZ-FLANNERY,  )
                           )
      Plaintiff           )
                           )  **Case No.:**
  v.                     )
                           )  **COMPLAINT AND DEMAND FOR**
THE OFFICES OF BYRON & DAVIS )  **JURY TRIAL**
CCCC, INC.,             )
                           )  **(Unlawful Debt Collection Practices)**
      Defendant        )

## COMPLAINT

    KELLY RODRIGUEZ-FLANNERY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against THE OFFICES OF BYRON & DAVIS CCCC, INC. ("Defendant"):

### INTRODUCTION

    1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

    2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the State of Delaware and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

5.    Plaintiff is a natural person residing in Hockessin, Delaware 19707.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.    In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.    Defendant is a debt collection law firm with its headquarters located at 601 Philadelphia Pike, Wilmington, Delaware 19809.

9.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

# FACTUAL ALLEGATIONS

11.    At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12.    Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13.    The debt Defendant was seeking to collect, a medical bill for her minor son, arose out of transactions that were primarily for personal, family, or household purposes.

14.    Plaintiff disputes owing the debt which Defendant sought to collect.

15.    On March 15, 2012, Defendant sent Plaintiff a letter demanding payment of a debt.  See Exhibit A, March 15, 2012, Letter.

16.    Defendant's March 15, 2012, letter was Defendant's initial communication with Plaintiff.

17.    Under "IMPORTANT NOTIFICATION" Defendant's letter states:

> Under FEDERAL LAW PL-95-109-S 879 you are HEREBY NOTIFIED that if you wish to dispute the validity of all or any portion of this debt or would like the name and address of the original creditor, you must advise us in writing within thirty (30) days of this notice.  Otherwise we will assume the entire debt to be valid.

See Exhibit A.

18.    Noticeably absent from Defendant's letter is a statement regarding Plaintiff's right under the FDCPA to obtain verification of the alleged debt, or a copy of the judgment if the debt had been reduced to a judgment.  See 15 U.S.C. §1692g(a)(4).

19.    In addition to correspondence, Defendant also made multiple collection calls to Plaintiff in an attempt to collect the debt that had already been paid.

20.    Upon receiving Defendant's letter, on or about March 27, 2012, Plaintiff spoke with one of Defendant's collectors, who became hostile towards her because she was trying to figure out what bill was owed.

21.    Thereafter, Plaintiff was transferred to collector who identified himself as "Bruce Conway."   During the conversation that ensued, Plaintiff explained to Defendant that the debt it was trying to collect had already been paid.

22.    Following her conversation with Mr. Conway, Plaintiff sent him an email, attaching proof that the debt had been paid in full in 2011.

23.    Upon information and belief, Defendant did not investigate the information provided by Plaintiff.   Furthermore, Defendant did not update its records to avoid the further harassment of Plaintiff.

24.    Rather, Defendant continued to contact Plaintiff in an attempt to collect the debt, ignoring the documentation showing that the debt had been paid

in full.

25.     Thereafter, on or about July 27, 2012, Plaintiff spoke with one of Defendant's collectors who identified herself as "Sandy," and advised that the debt had been paid in full.  Then, on August 1, 2012, Plaintiff faxed documentation to "Sandy" showing that the account had been paid in full and requested that Defendant contact her about the status of the account.

26.     Defendant, however, never contacted Plaintiff about the status of the account; rather, on August 8, 2012, Plaintiff called "Sandy."    "Sandy" acknowledged having received Plaintiff's facsimile, but did not have any update regarding the status of the account.

27.     Upon information and belief, Defendant failed to update its records to show that the debt had been paid in full and/or to avoid the further harassment of Plaintiff.

### DEFENDANT VIOLATED THE
### FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

28.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(2)(A).

a.  Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

5

b. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making false representations regarding the character, amount or legal status of any debt.

c. Here, Defendant violated §§1692e and 1692e(2)(A) by attempting to collect a debt from Plaintiff that had already been paid, and which Plaintiff had already provided Defendant proof that the debt had already been paid.

## COUNT II

29.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692f and 1692f(1).

a. Section 1692f of the FDCPA prohibits a debt collection from using unfair or unconscionable means to collect or attempt to collect any debt.

b. Section 1692f(1) of the FDCPA prohibits a debt collector from collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

c. Here, Defendant violated §§1692f and 1692f(1) of the FDCPA by attempting to collect an amount that it was not authorized to collect under the terms of the agreement creating the underlying debt, failing to investigate the information that Plaintiff provided that the

PLAINTIFF'S COMPLAINT

debt had been paid in full, and not returning Plaintiff's calls to update her on the status of the debt.

## COUNT III

30.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692g(a).

a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will

7

provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated §1692g of the FDCPA by failing to notify Plaintiff and the Class that they had a right under the FDCPA to seek verification of the alleged debt, or a copy of the judgment.

WHEREFORE, Plaintiff, KELLY RODRIGUEZ-FLANNERY, respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KELLY RODRIGUEZ-FLANNERY, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date: 03-14-13                  By: */s/ W. Christopher Componovo*
                                    W. Christopher Componovo
                                    Attorney ID #3234
                                    Kimmel & Silverman, P.C.
                                    Silverside Carr Executive Center
                                    Suite 118, 501 Silverside Road
                                    Wilmington, DE 19809
                                    Phone: (302) 791-9373
                                    Facsimile: (302) 791-9476

9

PLAINTIFF'S COMPLAINT